UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Official Time Stamp
U.S. Bankruptcy Court
Northern District of Ohio

| | | |
|---|---|---|
| In re: | ) | Case No. 12-10128 |
| | ) | |
| DAVID A. LEIGH and | ) | Chapter 13 |
| DONNA M. LEIGH, | ) | |
| | ) | Chief Judge Pat E. Morgenstern-Clarren |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |

Third Federal Savings & Loan Association of Cleveland moves for relief under Federal

Rule of Civil Procedure 60(b)(4) from a default judgment that (1) sustained the debtors'

objection to Third Federal's proof of claim; and (2) provided that the lien securing the debt

would be avoided when the chapter 13 debtors David and Donna Leigh receive their discharge.[1]

Third Federal argues that the judgment is void because it contradicts an earlier state court

judgment finding that Third Federal had the first and best lien on the property at issue, thus

allegedly violating the *Rooker-Feldman* doctrine. The debtors David and Donna Leigh oppose

the motion.[2] For the reasons stated below, the motion is granted.

## I.  JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1334 and General Order No. 2012-7 entered

by the United States District Court for the Northern District of Ohio on April 4, 2012.  This is a

core proceeding under 28 U.S.C. § 157(b)(2)(B) and (O) and it is within the court's constitutional

---

[1]  Docket 45.

[2]  Docket 53.

authority as analyzed by the United States Supreme Court in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

## II. <u>FACTS</u>

The parties submitted this matter for decision on written stipulations, exhibits, the documents filed in the case, and the admissions of Third Federal made on the record at a hearing held March 14, 2013.[3]

1.  On October 11, 2011, Third Federal obtained a state court judgment by default against David and Donna Leigh arising out of a note secured by a mortgage on their residence in Avon, Ohio. The state court granted judgment against the Leighs in the amount of $209,433.00 with interest, as well as a decree of foreclosure.

2.  David and Donna Leigh filed a chapter 13 case on January 9, 2012.

3.  On February 28, 2012, through counsel, Third Federal filed claim #7 alleging that it held a claim in the amount of $254,203.07 secured by a mortgage on the debtors' residence. The claim does not refer to the judgment.

4.  On April 15, 2012, the debtors objected to claim #7, challenging the arrearage amount, the creditor's status as the real party in interest, the amount of foreclosure fees sought, and the failure to itemize an amount listed as "other." They set the objection for hearing on May 22, 2012 and included a provision that any opposition was to be filed by May 15, 2012.

5.  Third Federal was served with the objection in time to respond, but did not file a response. Neither did it appear at the hearing.

---

[3] Docket 80.

2

6. On May 30, 2012, the court entered an order proposed by the debtors' counsel sustaining the debtors' objection. The order stated that the debtors had requested in their motion that Third Federal's lien be disallowed and found that the lien would be avoided when the debtors complete their plan and receive a discharge. In fact, while the motion requested that the claim be disallowed in its entirety, it did not ask that the lien be avoided.

7. Third Federal received the order in time to file a Bankruptcy Rule 9023 motion to alter or amend the order. Third Federal did not do so.

8. Third Federal received the order in time to file an appeal, but did not do so.

9. On May 29, 2012, the debtors filed a motion to modify their unconfirmed chapter 13 plan that, among other things, included this statement:[4]

> [The debtors] having objected to the Claim Number 7 by Claimant Third Federal Savings & Loan Association . . . and that objection having been sustained, the claim of Third Federal will only be allowed at $0.00 and the lien will be released upon discharge[.]

10. The proposed plan filed with the motion to modify stated in relevant part:

> [The debtors] having objected to the claim of Third Federal Savings & Loan Association aka Third Federal Savings & Loan Assocition [sic] of Cleveland, (Third Federal) (Claim 7), Objection Docket Entry 17, and that objection having been sustained (Docket at 5/22/12) the claim of Third Federal will be allowed at $0.00 in the proceeding and the lien will be extinguished upon the discharge of Mr. and Mrs. Leigh in the proceeding[.][5]

11. The debtors noticed the motion to modify for hearing on June 19, 2012.

12. Third Federal received the motion to modify and the proposed plan in time to object to the proposed treatment of its claim, but did not do so.

---

[4] Docket 33.

[5] Docket 34 at ¶ 11 Special Provisions.

3

13.  Third Federal did not appear at the June 19, 2012 hearing.  That hearing went forward and, all issues being resolved, the court confirmed the plan as modified.

14.  The court entered an order confirming the plan on June 25, 2012.

15.  Third Federal received the order confirming the plan in time to file a Bankruptcy Rule 9023 motion or to appeal, but it did not take either of those steps.

16.  On September 7, 2012, Third Federal filed a motion for relief from the May 30, 2012 judgment sustaining the debtors' objection to Third Federal's claim #7.

17.  Third Federal has not filed a motion for relief from the order confirming the plan.

### III.  THE POSITIONS OF THE PARTIES

Third Federal made a number of different arguments in the course of the briefing.  At the last hearing, however, it confirmed that it is pursuing only one argument:  that the order sustaining the objection to claim #7 is void for lack of subject matter jurisdiction under Federal Rule 60(b)(4) because it violates the *Rooker-Feldman* doctrine.[6]  Specifically, Third Federal contends that the state court found that Third Federal had a first and best lien on the property and that the federal order impermissibly contradicts that order.  In response, the debtors argue that *Rooker-Feldman* does not apply because the claim objection only addressed inconsistent information about the claim amount and the entity entitled to receive payment, neither of which challenges the state court findings or judgment.[7]

---

[6]  The waived arguments include due process, res judicata, excusable neglect, and insufficient service of process.

[7]  Docket 74 at 5.

4

# IV. DISCUSSION

## A. Relief from Judgment

Third Federal requests that the judgment be vacated under Rule 60(b)(4), which provides

for relief if "the judgment is void[.]" FED. R. CIV. P. 60(b)(4) (made applicable by FED. R.

BANKR. P. 9024). A void judgment is a legal nullity. *United Student Aid Funds, Inc. v. Espinosa*,

559 U.S. 260, 130 S.Ct. 1367, 1377 (2010). A judge who finds a judgment to be void must grant

a Rule 60(b)(4) motion to vacate it, or be found to have abused its discretion. *Northridge Church*

*v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011); *Burrell v. Henderson*, 434 F.3d

826, 831 (6th Cir. 2006); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).[8]

What makes a judgment void? It is one "so affected by a fundamental infirmity that the

infirmity may be raised even after the judgment becomes final." *Espinosa*, 130 S.Ct. at 1377.

For purposes of Rule 60(b)(4), a judgment is void "only in the rare instance where it is premised

either on a certain type of jurisdictional error or on a violation of due process that deprives a

party of notice or the opportunity to be heard." *Id.* The type of jurisdictional errors that render a

judgment void are a lack of jurisdiction over the subject matter or the parties. *Antoine*, 66 F.3d at

108.

---

[8] A number of Sixth Circuit opinions state that a court must also consider equitable factors in determining whether a judgment should be set aside under Rule 60(b). *See, for example, Thompson v. Amer. Home Assur. Co.*, 95 F.3d 429, 432 (6th Cir. 1996); and *Burrell*, 434 F.3d at 831-32. Some are factually distinguishable because they seem to include Rule 60(b)(4) in the sweep of their statements regarding the role that equity plays, but then go on to reach a decision based on other subparts of Rule 60(b). Regardless, Circuit law is clear that a judgment found to be void must be set aside. The parties do not argue otherwise.

5

## B. The *Rooker-Feldman* Doctrine

Third Federal argues that, under the *Rooker-Feldman* doctrine, the court lacked subject matter jurisdiction to entertain the debtors' objection to Third Federal's claim. This doctrine bars a federal court from obtaining subject matter jurisdiction over an action which seeks to review and reverse a state court judgment. *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The doctrine, which is based on two Supreme Court decisions interpreting 28 U.S.C. § 1257(a)–*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)–"bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp.,* 544 U.S. at 291). However, the doctrine "does not bar federal jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Id.* at 298 (quoting *Exxon Mobil Corp.*, 544 U.S. at 293). Rather, "the doctrine applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99.

A party seeking to invoke this doctrine must, therefore, prove these elements: (1) a state court "loser"; (2) initiated an action in federal court; (3) complaining of injury caused by the state court judgment; and (4) asking the federal court to reject the state court judgment.

## C. Application of *Rooker-Feldman*

Third Federal argues that the order resolving the debtors' objection to its claim is void because it provides that Third Federal's lien is extinguished, which federal judgment flies in the face of the state court judgment finding that Third Federal holds a first and best lien on the

6

property. The first and second elements of *Rooker-Feldman* are easily satisfied. The debtors are the state court losers because the state court entered a judgment against them and in favor of Third Federal arising out of the note and mortgage. They filed an objection to Third Federal's claim in the bankruptcy case, which meets the second requirement.

The third element, that the federal action complain of injury caused by the earlier state judgment, requires more discussion. The Sixth Circuit has explained this point:

> If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). "Thus, what the *Rooker-Feldman* doctrine primarily bars are claims that seek relief from injury caused by the state court judgment." *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 372 (6th Cir. 2008) (internal quotation marks and citation omitted). Significantly, the doctrine does not bar a federal court from exercising subject matter jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.,* 544 U.S. at 293. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction," and the doctrine does not apply. *Id.* (quotation marks and citation omitted). The inquiry is: did the debtors assert an independent claim for relief before this court or were they merely seeking to reverse the state court judgment?[9]

---

[9] Answering that question is complicated by the fact that the debtors did not ask in their objection to claim that the lien be extinguished. Instead, they included it in the order submitted to the court, apparently reasoning that the lien could not survive once the court sustained the objection which challenged Third Federal's standing and asked that the claim be valued at zero.

7

Two Sixth Circuit cases are helpful to the analysis. The first is *Kovacic v. Cuyahoga County Department of Children and Family Services*, 606 F.3d 301, 310 (6th Cir. 2010). In that case, state workers removed children from their mother's custody based solely on information provided by third parties. A state court reviewed the removal and awarded custody of the children to the state. Two years later, the mother and the children filed a federal court lawsuit alleging both federal and state causes of action. The children's action is the relevant one here and, in particular, their constitutional claim that the defendants should have, but did not, perform an independent review before removing them from their home. The district court found that this claim was barred by *Rooker-Feldman*. The Sixth Circuit reversed, holding that the children's claims were independent claims, noting:

> the children's claims in this case do not seek review or reversal of the decision of the juvenile court to award temporary custody to the state, but instead focus on the conduct of Family Services and of the social worker's *that led up to* the juvenile court's decision to award temporary custody to the County.

*Kovacic*, 606 F.3d at 310 (emphasis in original). In other words, the claims were independent of the state court judgment because they sought to hold the defendants liable for their actions before the state court entered its judgment, rather than claiming relief based on the judgment itself.

The second case that is relevant in determining the parameters of this doctrine is *Givens v. Homecomings Fin.*, 278 Fed. Appx. 607 (6th Cir. 2008). In that case, a state court granted a mortgagee possession of certain real property. The mortgagor then brought claims in federal court against the mortgagee under the Fair Debt Collection Practices Act and asked as one of several remedies that the federal court enjoin the mortgagee from entering the property. The Circuit concluded that the federal action did not state independent claims because "the point of this suit is to obtain a reversal of a state court decision[.]" *Givens*, 278 Fed. Appx. at 609; *see*

8

*also James v. Guaranteed Rate, Inc.*, No. 1:09-cv-38, 2009 WL 928285 at * 6 (S.D. Ohio Apr. 6, 2009) (collecting cases related to state court foreclosure proceedings which have been dismissed under the *Rooker-Feldman* doctrine).

This court concludes that the debtors' challenge to Third Federal's claim is more like the claims asserted in *Givens* than those asserted in *Kovacic*. The history shows that the debtors were dissatisfied with the state court judgment which found that Third Federal had standing to sue the debtors based on the note and mortgage, granted a monetary award to Third Federal on the note, and held that Third Federal had a first and best lien on the residence. The debtors came before this court seeking, in effect, to appeal and reverse that judgment through a judgment finding that Third Federal did not have standing, was not owed money on the note, and did not have a first and best lien on the property. As that is the precise type of review precluded by the *Rooker-Feldman* doctrine, this court did not have subject matter jurisdiction to review the state court judgment and to extinguish the lien. Third Federal is entitled to relief under Rule 60(b)(4) because the order is void.

The troubling fact in this case is that Third Federal had numerous opportunities to come forward and assert its rights: it could have identified its judgment when it filed claim #7; it could have opposed the original motion; it could have moved to reconsider this court's order or appealed it; or it could have opposed the motion to modify the plan. It did not take any of these steps. In an equitable analysis, Third Federal's inattention to its own rights would weigh heavily against it. But equity cannot create subject matter jurisdiction. That jurisdiction either exists or it does not. Here, it did not, and the judgment entered must be found to be void.

9

## V. **CONCLUSION**

For the reasons stated, Third Federal's motion for relief is granted and the order on the debtors' objection to its claim (docket 37) is vacated.  This does not end the dispute, however. As discussed at the hearing on the motion, the debtors' confirmed plan provides that Third Federal has a claim in the amount of zero and that its lien will be extinguished upon discharge. The debtors' counsel, Third Federal's counsel, and the Chapter 13 trustee are instructed to discuss that issue to see if it can be resolved amicably before any other motions are filed

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
Chief Bankruptcy Judge